Tyler Fredrick Rifley
545 East Fourth Avenue
Room #212
(907) 341-7026
akmusicministries@gmail.com

RECEIVED
JAN 03 2018
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TYLER FREDRICK RIFLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE POLICE DEPARTMENT,<br><br>JAMES WILLIAMS, individually And in his official capacity,<br><br>Defendant. | Case No. 3:18-cv-00002-SLG<br><br>**COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983** |

## INTRODUCTION

1. ACTING PRO SE, the undersigned, Tyler F. Rifley (Rifley), hereby files this action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and under the statutory law of the State Of Alaska, against James Williams (Williams), a police officer of the Anchorage Police Department, in his individual and official capacity, and against the Municipality Of Anchorage Police Department. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(a)(3), and on the pendent jurisdiction of this court to entertain claims arising under state law.

2. It is alleged that during the course of a criminal investigation against plaintiff Rifley, in the absence of a court order, Detective James Williams, while acting under the color of law, forcibly extracted the speech of Tyler Rifley by compelling Rifley to disclose the passcode to his cell phone. It is further alleged, that to obtain Rifley's passcode, Detective Williams knowingly manipulated and misrepresented the contents of a search warrant during an in custody interrogation, without Rifley's attorney present or notified, and without advising Rifley of his

right to have an attorney present. In doing so, James Williams violated Rifley's Rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## PARTIES

3. Tyler Rifley was at all material times a resident of Anchorage, Alaska, and of Full age.

4. Defendant James Williams was at all times relevant to this complaint, a duly appointed and acting officer of the Anchorage Police Department, acting under the color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs and usages of the State Of Alaska and/or the Municipality Of Anchorage.

5. The Municipality of Anchorage, Alaska, is a municipal corporation and the public employer of the said officer.

## RELEVANT FACTS

### (a) Rifley Is Arrested On A Municipal Warrant

6. The relevant criminal case began with a complaint made on April 4, 2017, by a juvenile who asserted that Rifley had contacted him in violation of a restraining order.

7. On or about April 5, 2017, at approximately 1:30 PM, Tyler Rifley was arrested on a municipal warrant in connection with the complaint made on April 4, 2017.

8. Police transported Rifley to the jail and interrogated him using his cellular phone in the process. Police took pictures of the cell phone and then left the phone in Rifley's property account at the jail.

9. Initially, police and prosecutors saw this as a misdemeanor violation of a restraining order, and the matter was so filed under case **MOA v. Rifley 3AN-17-02651CR.**

10. Based upon court records, Rifley was arraigned on April 6, 2017, and on that day an attorney (Denali Law Group) was appointed.

### (b) The Federal Government Gets Involved

11. At some point between April 6, 2017, and May 15, 2017, the federal government got involved and Detective James Williams of the Anchorage Police Department renewed the investigation and re-interviewed witnesses.

12. During this process, Williams obtained a warrant to seize and search Rifley's cell phone which remained in Rifley's property Account at the jail.

13. On or about May 15, 2017, Detective Williams went to the jail with the search warrant to retrieve the phone. However, rather than simply retrieving the phone, the Detective had Rifley pulled from his jail cell for more questioning.

14. Rifley's attorney was not notified and not present.

15. The most apparent purpose behind the questioning was for the Detective to obtain from Rifley the passcode for Rifley's phone.

16. Williams announced that he had a warrant and, "in sort of a slick manner" implied that the warrant required that Rifley give up the passcode.[1]

17. In fact, though Detective Williams requested an order compelling Rifley to supply his passcode, no such order appears in the search warrant. The search warrant signed by the court authorizes search and seizure, but is silent on the issue of the passcode.

18. During the exchange that occurred between Rifley and Detective Williams, Rifley did not want to provide his passcode and said as much to Williams.

19. Rifley then inquired as to whether the warrant required him to give up his passcode, or if the Detective merely "wanted" the passcode from Rifley.

20. The Detective then showed Rifley the warrant, pointing out the "part at the bottom" where Williams had "requested an order for the compulsion of Rifley's passcode," and then told Rifley that it does mean Rifley is supposed to give up the passcode to Detective Williams.

---

[1] Subsequent to this interview, Rifley was indicted on one count of Cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). **(Case 3:17-cr-00056-SLG-DMS)** Rifley moved to suppress the evidence obtained in this interview, arguing that police obtained his cellphone passcode by misrepresenting the warrant. Rifley further moved to suppress all of the statements he made to Detective Williams on May 15, 2017, arguing that they were taken in violation of *Miranda* and his Sixth Amendment right to counsel. The government conceded that the statements Rifley gave on May 15, 2017, were taken in violation of *Miranda,* and that detective James Williams' conduct was illegal. However, the government argued that the fruits of the forensic search (though obtained illegally) were admissible under the inevitable discovery and independent source doctrines.

In its initial report and recommendation, the Court recommended that the District Court GRANT IN PART Rifley's motion to suppress. The Court recommended "that the District Court: (1) suppress all evidence seized from Rifley's phone during the May 15, 2017, forensic search; and (2) exclude all statements Rifley made to Detective Williams on May 15, 2017, from the government's case-in-chief." The Court did find that all evidence (1) obtained from the victim's phone, (2) Rifley's cell phone service provider, or (3) obtained by the arresting officers (before Rifley was appointed an attorney) would be admissible.

At bench trial, The Honorable Sharon L. Gleason adopted the Court's recommendation and applied its findings.

21. All of this occurred without a Miranda Warning and without the assistance of counsel. Ultimately, Rifley acquiesced and provided his passcode.[2]

## CAUSE OF ACTION

22. As mentioned supra, Tyler Rifley had an attorney appointed for the case. Detective Williams engaged Rifley in conversation related to the case without the assistance of counsel and without the advisement of a *Miranda* warning. This is a Fifth and Sixth amendment violation.

23. The key issue, however, is that Detective Williams obtained Rifley's passcode by misrepresenting the scope and actual contents of the search warrant.

24. Rifley specifically asked whether the warrant required him to provide his passcode, and Detective Williams said that it did.

25. In fact, though detective Williams asked for such authority, nothing in the warrant signed by the judge provided it. Moreover, it seems fairly clear that Williams knew as much when he engaged Rifley.

26. Detective Williams conducted a warrantless and forcible extraction of speech from Tyler Rifley by manipulating and misrepresenting the contents and scope of a search warrant.

27. As a direct and proximate result of the said acts of the defendant officer, Tyler Rifley suffered the following injuries and/or damages:

*(A)*. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to The United States Constitution to be free from unreasonable search and seizure of his person;

*(B)*. Violation of his constitutional rights under the First Amendment to The United States Constitution when he was compelled to speak without court initiated process to overcome his right not to answer an officer's questions;

*(C)*. Violation of his constitutional rights under due process, the Fifth Amendment to The United States Constitution when Detective Williams engaged in outrageous government conduct by misrepresenting and manipulating the contents of a search warrant to obtain the passcode;

---

[2] On November, 20, 2017, a bench trial was held in front of the Honorable Sharon L. Gleason. The following day, Judge Gleason acquitted Rifley as a result of "poor investigation" and conflicting witness testimony. Rifley was released from cook inlet pre-trial on November 23, 2017.

*(D).* Violation of his constitutional rights under the Sixth Amendment to The United States Constitution when he was interrogated in custody without his attorney notified, and without his attorney present;

*(E).* Invasion of his privacy;

*(F).* Duress;

*(G).* Emotional pain and suffering;

*(H).* Humiliation;

*(I).* Mental anguish.

## COUNT I

### 42 U.S.C. § 1983

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29. Plaintiff Tyler Rifley claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant James Williams and the Municipality of Anchorage Police Department for violation of his constitutional rights under color of law.

## COUNT II

### Denial of First Amendment Rights

30. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

31. The actions and conduct of Defendant James Williams through the Municipality of Anchorage Police Department violated the right of plaintiff to remain silent under the First Amendment.

32. As a result of this conduct, Rifley suffered damages as aforesaid.

## COUNT III

### Illegal Search and Seizure

33. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

34. The actions and conduct of Defendant James Williams through the Municipality of Anchorage Police Department violated the right of plaintiff to be free from unreasonable search

and seizure under the Fourth and Fourteenth Amendments, and to Due Process of Law under the Fifth Amendment.

35. As a result of this conduct, Rifley suffered damages as aforesaid.

## COUNT IV

### Denial of Counsel

36. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

37. The actions and conduct of Defendant James Williams through the Municipality of Anchorage Police Department violated the plaintiff's right to counsel under the Sixth Amendment and to Due Process of law under the Fifth Amendment.

38. As a result of this conduct, Rifley suffered damages as aforesaid.

## COUNT V

### Illegal Interrogation

39. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

40. The actions and conduct of Defendant James Williams through the Municipality of Anchorage Police Department violated the plaintiff's right to counsel under the Sixth Amendment and to Due Process of law under the Fifth Amendment.

41. As a result of this conduct, Rifley suffered damages as aforesaid.

45. WHEREFORE, the plaintiff requests that this court:

(1). Award compensatory damages in the amount of $75,000 to plaintiff against the defendants.

(2). Award punitive damages in the amount of $225.000 to plaintiff against the defendants.

(3). Award costs of this action to plaintiff.

(4). Award such other and further relief as this court may deem appropriate.

The plaintiff hereby respectfully demands a jury trial.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above civil rights complaint and that the information contained in the complaint is true and correct.

Executed at Anchorage, Alaska on this 3rd day of January, 2018.

Respectfully submitted,

Tyler F. Rifley
Plaintiff.