# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TYLER FREDRICK RIFLEY,<br><br>                 Plaintiff,<br>vs.<br>MUNICIPALITY OF ANCHORAGE POLICE DEPARTMENT, and JAMES WILLIAMS, individually and in his official capacity,<br><br>                 Defendants. | Case No. 3:18-cv-00002-SLG |

## **SCREENING ORDER**

On January 3, 2018, self-represented Plaintiff Tyler Fredrick Rifley filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, against an Anchorage Police Department detective, James Williams, and the Municipality of Anchorage Police Department (APD) itself. (Docket 1.) With his complaint Mr. Rifley filed an Application to Waive the Filing Fee, at Docket 4, which will be granted since it indicates he cannot afford the $400 filing fee. Mr. Rifley's complaint, however, will be dismissed with leave to amend for the reasons explained below.

## **Screening Standard**

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented litigant who has not paid the filing fee. In this screening, a court must dismiss the case at any time if the court determines that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[1]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[2] In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[3] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the Court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[4]

### Plaintiff's Allegations of Wrongdoing

Mr. Rifley's complaint alleges that Detective Williams misrepresented the scope of a warrant on May 15, 2017 to Mr. Rifley as including a requirement that Mr. Rifley provide the detective with his cell phone passcode.[5] This conversation, and the subsequent evidence obtained from a search of Mr. Rifley's cellphone on May 16, 2017, became at

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[3] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[4] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

[5] Docket 1 at 1–4.

issue in 3:17-cr-00056-SLG, wherein Mr. Rifley was indicted on one count of cyberstalking under federal law.[6]

The Court takes judicial notice[7] that Mr. Rifley was found not guilty in 3:17-cr-00056-SLG.[8] Prior to trial in that case, the Court entered an order that (1) suppressed all evidence seized from the May 16, 2017 forensic search of Rifley's cellphone that was not seized from the victim's phone, Mr. Rifley's cellphone service provider, or obtained by another officer during an April 7, 2017 search that Mr. Rifley had consented to; and (2) required the government exclude from its case-in-chief all statements Mr. Rifley made to Detective Williams on May 15, 2017.[9]

Mr. Rifley's complaint contains five counts: Count 1 alleges a generic violation of constitutional rights and cites 42 U.S.C. § 1983. Count 2 alleges that Mr. Rifley's right "to remain silent under the First Amendment" was violated by Detective Williams.[10] Count III

---

[6] *Id.*; *see also* Docket 2 of 3:17-cr-00056-SLG.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (citing *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003)); *see also* Fed. R. Evid. 201. & D.Ak. L.R. 7.1(c)(2) ("The court may take judicial notice of the contents of case files within the District of Alaska to establish that: [A] other proceedings have taken place; [B] the same or similar claims have been raised and adjudicated; and [C] like or similar matters.").

[8] *See* Docket 73 of 3:17-cr-00056-SLG.

[9] Docket 68 at 1 of 3:17-cr-00056-SLG (adopting Magistrate Judge's Final Report & Recommendation at Docket 63). *See* Docket 63 at 22 of 3:17-cr-00056-SLG.

[10] The right to remain silent falls under the Fifth Amendment. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

alleges that the detective violated Mr. Rifley's right "to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments, and to Due Process of Law under the Fifth Amendment." Count IV alleges that Mr. Rifley's right to counsel under the Sixth Amendment and to Due Process of Law under the Fifth Amendment" was violated; Count V restates that same constitutional claim as Count IV, but is labelled "illegal interrogation." The complaint also alleges "invasion of privacy," "duress," emotional pain and suffering," "humiliation," and "mental anguish." Mr. Rifley seeks $75,000 in compensatory damages, $225,000 in punitive damages, his costs from this action, and any other relief the Court deems appropriate.[11]

## Analysis

To recover compensatory damages based on an unreasonable search, a § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury other than the "injury" of being indicted, imprisoned, and going through a trial.[12] "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution."[13]

---

[11] *Id.* at 6.

[12] *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994) (citing *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 308 (1986)).

[13] *Hector v. Watt*, 235 F.3d 154, 157 (3d. Cir. 2000) (cited by *Lingo*, 832 F.3d at 960).

Mr. Rifley's complaint does not explain how the alleged misrepresentation and consequent illegal search and seizure caused him any such actual, compensable injury. This makes his complaint deficient. Mr. Rifley will be given an opportunity to amend his complaint as to Detective Williams to allege plausible actual, compensable injury.

Mr. Rifley's claims against APD are additionally deficient because respondeat superior liability is not recognized in § 1983 cases.[14] A municipal entity, including its subdivisions such as APD, cannot be held liable under § 1983 solely because it employed a person who deprived another person of federally protected rights.[15] Instead, for a municipal entity to be liable under § 1983, the entity must have participated in the wrongdoing by its municipal policy or custom being the cause of the plaintiff's injury.[16] In other words, for a municipal entity to be held liable under § 1983, the municipal policy or custom must be "the moving force of the constitutional violation."[17]

---

[14] *Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 691–92 (1978); *Fed'n of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996) ("Federal case law has long barred respondeat superior liability against state actors in suits brought under 42 U.S.C. § 1983"). *See* Black's Law Dictionary (9th ed. 2009) ("respondeat superior" is the "doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency").

[15] *Id.* at 691 ("we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory").

[16] *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232–33 (9th Cir. 2011) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).

[17] *Monell*, 436 U.S. at 694.

## Conclusion

Mr. Rifley will be given an opportunity to file an amended complaint. If Mr. Rifley chooses to file an amended complaint, he should focus on addressing the deficiencies addressed above and avoid using conclusory statements. Mr. Rifley should also be aware that an amended complaint must be complete in and of itself with any exhibits he seeks to rely on attached to the amended complaint, because an amended complaint entirely takes the place of any previous complaint.[18]

**IT IS THEREFORE ORDERED**:

1. The complaint is DISMISSED for failure to state a claim upon which relief may be granted. This dismissal is with leave to amend in the event that Mr. Rifley is able to articulate plausible facts that show he suffered any actual, compensable harm as explained above.

2. **Mr. Rifley has until May 18, 2018 to file an amended complaint.** A form is provided with this order for that purpose, but if Mr. Rifley would like to type his complaint in its entirety again, he may do so.[19] **Mr. Rifley is on notice that if he chooses to file a First Amended Complaint, it must be complete in and of itself with all the claims he seeks to pursue stated in the amended complaint and any exhibits he seeks to rely on attached to his amended complaint.** This

---

[18] D.Ak. L.R. 15.1(3) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

[19] *See* Docket 2.

is because an amended complaint entirely takes the place of any previous complaint.[20]

3. In the alternative, if Mr. Rifley decides not to pursue this case, he may file a Notice of Voluntary Dismissal, using the enclosed form, on or before **May 18, 2018**.

4. If Mr. Rifley does not file a First Amended Complaint or Notice of Voluntary Dismissal on or before **May 18, 2018**, this case will be thereafter be DISMISSED without further notice to Mr. Rifley.

5. **At all times, Mr. Rifley must keep the Court informed of any change of address, as he did at Docket 5.** Such notice shall be titled "NOTICE of CHANGE of ADDRESS." This notice shall contain only information about Mr. Rifley's change of address and its effective date. The notice must not include any requests for any other relief and must be served on any Defendant's attorney who makes an appearance in this action. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

6. Mr. Rifley's Application to Waive the Filing Fee, at Docket 4, is GRANTED.

7. The Clerk of Court is directed to send the following documents to Mr. Rifley with this order: (1) a form PS01, with "FIRST AMENDED" written above its title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) a form PS09, "Notice of Voluntary Dismissal"; (3) a copy of the Court's notice of change

---

[20] D.Ak. L.R. 15.1(3) ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

of address form, PS23; and (4) the Court's *pro se* handbook, "Representing Yourself in Alaska's Federal Court."

DATED at Anchorage, Alaska, this 5th day of April, 2018.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE
